**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:18-cv-28** |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., VERIZON COMMUNICATIONS, INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff BARKAN WIRELESS IP HOLDINGS, L.P. ("Plaintiff"), for its Complaint against SAMSUNG ELECTRONICS CO., LTD. ("SAMSUNG ELECTRONICS"), SAMSUNG ELECTRONICS AMERICA, INC. ("SAMSUNG ELECTRONICS AMERICA"), VERIZON COMMUNICATIONS, INC. ("Verizon"), and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS ("Verizon Wireless") (collectively, "Defendants") alleges:

### THE PARTIES

2. Plaintiff is a Delaware limited partnership founded by Dr. Elad Barkan ("Dr. Barkan"), an Israeli computer scientist and inventor. Dr. Barkan received his Ph.D. from the Technion – Israel Institute of Technology in Haifa, Israel, and is now a researcher at the Weizmann Institute of Science, a research university in Rehovot, Israel. Dr. Barkan also serves as the Chief Scientist of KeySee Software Ltd.

3.   Plaintiff is informed and believes, and on that basis alleges, that defendant Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

4.   Plaintiff is informed and believes, and on that basis alleges, that defendant Samsung Electronics America is a corporation organized and existing under the laws of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660, and with offices at 1301 East Lookout Drive, Richardson, Texas 75082.

5.   Plaintiff is informed and believes, and on that basis alleges, that Samsung Electronics America is a wholly owned subsidiary of Samsung Electronics, and oversees domestic sales and distribution of Samsung's consumer electronics products, including the products accused of infringement in this case.

6.   Plaintiff is informed and believes, and on that basis alleges, that Samsung Electronics America recently merged with Samsung Telecommunications America, Inc. ("STA"), based in Richardson Texas, which operated Samsung's North American business with respect to mobile phones and telephony equipment.

7.   Plaintiff is informed and believes, and on that basis alleges, that defendant Verizon is a Delaware corporation with a principal place of business at 1095 Avenue of the Americas, New York, New York 10016.

8.   Plaintiff is informed and believes, and on that basis alleges, that defendant Verizon Wireless is a general partnership, indirectly and wholly owned by Verizon, established under the laws of the state of Delaware, and with its principal place of business at 1 Verizon

Way, Basking Ridge, New Jersey 07920, with offices, *inter alia*, at 700 Hidden Ridge, Irving,

Texas 75038, and numerous wireless retail stores throughout the Eastern District of Texas.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et*

*seq*.

10. This Court has personal jurisdiction over Samsung Electronics and Samsung

Electronics America because, *inter alia*, they have done and continue to do business in Texas,

and have committed and continue to commit acts of patent infringement in the state of Texas,

including making, using, offering to sell and/or selling accused products in Texas, and/or

importing accused products into Texas, and/or inducing others to commit acts of patent

infringement in Texas.  For example, Plaintiff is informed, and on that basis alleges, that

Samsung Electronics and Samsung Electronics America maintain established places of business

in the state of Texas and the Eastern District of Texas specifically, including an office at 1000

Klein Road, Plano, Texas 75075, and at 1301 East Lookout Drive, Richardson, Texas 75080,

addresses that are specifically identified in the user manuals for Defendants' accused products.

Samsung Electronics and Samsung Electronics America have not disputed this Court's personal

jurisdiction over them in other recent patent-infringement actions.  *See, e.g.*, Answer at ¶ 10,

*Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428 (E.D. Tex. Oct. 20, 2017); Answer at

¶ 9, *Immersion Corp. v. Samsung Electronics America*, No. 16-cv-572 (E.D. Tex. Oct. 24, 2017).

**Samsung Telecommunications America (STA), LLC**

| Headquarters: | Customer Care Center: |
|---|---|
| 1301 E. Lookout Drive | 1000 Klein Rd. |
| Richardson, TX 75082 | Plano, TX 75074 |
| Toll Free Tel: | 1.888.987.HELP (4357) |
| Internet Address: http://www.samsungusa.com | |

*Fig. 1.* Excerpt from Samsung/Verizon Wireless Network Extender manual identifying office addresses in the Eastern District of Texas.

11. This Court has personal jurisdiction over Verizon and Verizon Wireless because, *inter alia*, they have done and continue to do business in Texas, and have committed and continue to commit acts of patent infringement in the state of Texas, including making, using, offering to sell and/or selling accused products in Texas, and/or importing accused products into Texas, and/or inducing others to commit acts of patent infringement in Texas.  For example, Plaintiff is informed, and on that basis alleges, that Verizon Wireless operates numerous physical retail stores, service locations, and other facilities throughout Texas, including an office campus at 700 Hidden Ridge, Irving, Texas 75038.  Verizon Wireless has admitted in other recent actions that it transacts business in this District, *see, e.g.*, Answer at ¶¶ 6, 16, *Cellular Commc'ns Equipment LLC v. Apple, Inc.*, No. 6:17-cv-00146 (E.D. Tex. June 29, 2017), and that this Court has personal jurisdiction over it, *see, e.g.*, Answer at ¶ 8, *Plectrum LLC v. Verizon Commc'ns Inc.*, No. 4:17-cv-00126-ALM (E.D. Tex. Apr. 19, 2017).

12. Venue is proper as to Samsung Electronics and Samsung Electronics America under 28 U.S.C. § 1391(c) and 1400(b).  Plaintiff is informed and believes, and on that basis alleges, that Samsung Electronics is a foreign corporation, not resident in the United States, which has committed acts of patent infringement in this District.  Venue is also proper as to Samsung Electronics and Samsung Electronics America because, as already discussed, they maintain established and regular places of business in this District and have committed acts of

patent infringement here.  Furthermore, in other recent patent actions, Samsung Electronics and Samsung Electronics America either "admit," Answer at ¶ 14, *Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428, Dkt. No. 1 (E.D. Tex. Oct. 20, 2017), or "do[] not contest," Answer at ¶ 10, *Immersion Corp. v. Samsung Electronics America*, No. 16-cv-572 (E.D. Tex. Oct. 24, 2017), that this District is a proper venue for patent infringement actions against them.

13. Venue is proper as to Verizon and Verizon Wireless under 28 U.S.C. § 1400(b) because, as already discussed, they maintain established and regular places of business in this District and have committed acts of patent infringement here.  For example, Plaintiff is informed, and on that basis alleges, that Verizon Wireless operates numerous retail and service locations throughout the Eastern District of Texas, as well as a Verizon Network Equipment Building Systems testing office at 1201 E. Arapaho Road, Richardson, Texas 75081.  In addition, Verizon and Verizon Wireless post a user manual for the Verizon/Samsung Wireless Network Extender on their website that is branded with both the Verizon and Samsung logos and directs consumers to a location in the Eastern District of Texas both as the product headquarters and the customer support center.

## SINGLE ACTION

14. This suit is commenced against Defendants pursuant to 35 U.S.C. § 299 in a single action because (a) a right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused products or processes and (b) questions of fact common to all defendants will arise in the action.

15. Plaintiff is informed and believes, and on that basis alleges, that Samsung Electronics and Samsung Electronics America at least manufacture, and that Verizon and Verizon Wireless at least sell and/or offer for sale, the same products and processes accused in this action, which include the Samsung/Verizon Wireless Network Extender and Samsung/Verizon Wireless 4G LTE Network Extender, as further described herein.

**PATENTS-IN-SUIT**

16. Plaintiff is the assignee of United States Patent No. 8,014,284 (the "'284 patent"), entitled "Cellular Network System and Method," a true and correct copy of which is attached hereto as **Exhibit A**.   The '284 patent bears an international filing date under the Patent Cooperation Treaty no later than August 12, 1999, bears a national phase filing date no later than June 4, 2001, and was duly and legally issued by the United States Patent and Trademark Office ("PTO") no later than September 6, 2011.  Dr. Barkan is the inventor of the '284 patent.

17. Plaintiff is the assignee of United States Patent No. 8,559,312 (the "'312 patent"), entitled "Systems, Devices and Methods for Providing Access to a Distributed Network," a true and correct copy of which is attached hereto as **Exhibit B**.   The '312 patent is designated a continuation of the application resulting in the '284 patent; bears a domestic filing date of July 13, 2011; and was duly and legally issued by the PTO no later than October 15, 2013.   Dr. Barkan is the inventor of the '312 patent.

18. Plaintiff is the assignee of United States Patent No. 9,392,638 (the "'638 patent") entitled "Systems, Devices and Methods for Providing Access to a Distributed Network," a true and correct copy of which is attached hereto as **Exhibit C**.   The '638 patent is designated a continuation of the applications resulting in the '284 and '312 patents; bears a domestic filing

date of August 21, 2012; and was duly and legally issued by the PTO no later than July 12, 2016. Dr. Barkan is the inventor of the '638 patent.

19. Collectively, the '284, '312, and '638 patents are referred to as "the patents-in-suit."

20. The patents-in-suit, generally speaking, relate to the expansion of cellular networks, in areas in which signal coverage is weak or nonexistent, using coordination centers and existing network infrastructure—such as cable television, internet, or wired telephone connections—to route cellular communications through add-on base stations in lieu of cell phone towers.



*Fig. 2.* Illustration from '312 patent of cellular communications routed through existing network infrastructure to add-on base stations.

21. Plaintiff's patents-in-suit, generally speaking, disclose systems, devices, and methods for expanding cellular coverage using a gateway consisting of a transceiver adapted to establish a radio-frequency link with a mobile device; a first interface adapted to facilitate data flow between a mobile device and a packet-based data network; and a controller adapted to regulate data flow between a mobile device and a data network based, at least partially, on information received over a data network from a coordination center, which center is connected to a data network through a second interface.

22. The patents-in-suit describe a preferred embodiment as follows:

New base station **43** illustrates yet another type of network enhancement. It generates a wireless cell that is directly connected to an Internet **24**.

Thus, new base station **43** adds a new wireless cell in a location where there is available a link to an Internet network **24**.

The system uses the existing infrastructure, for example cable TV, Internet connections and phone networks to provide additional wireless coverage.  The above detailed structure and method may be used for other networks as well. These may include, among others, wireless links, satellite links, cable TV links, fiber-optics or a combination thereof.

Thus, new base stations **41**, **42**, and **43** allow to use the existing telecommunication infrastructure in developed areas, to enhance the cellular network.[1]

23. The systems, devices, and methods covered by the patents-in-suit yield substantial benefits for both consumers and telecommunications providers.

24. Consumers benefit from, *inter alia*, increased cell signal strength; reduced cell phone battery consumption; diminished radiation exposure; higher voice communication quality; the ability to place calls on a mobile device from indoor locations, or areas of a home or business that would otherwise be inaccessible; and ease of installation.

25. Telecommunications providers benefit from, *inter alia*, access to additional consumers; increased capacity as subscribers are offloaded from cell phone towers to existing network infrastructure; and reduced expenditures due to the use of small base stations—which may be purchased and installed by consumers—in lieu of traditional cellular network infrastructure.

---

[1] *See* Exhibit A, at 12; Exhibit B, at 12; Exhibit C, at 12.

## DEFENDANTS' INFRINGING PRODUCTS

26. Samsung Electronics and Samsung Electronics America are interrelated entities that, together, comprise one of the world's leading electronics manufacturers.

27. Verizon and Verizon Wireless are interrelated entities that, together, comprise one of the world's largest telecommunications companies and providers of mobile telephone services and associated devices.

28. Defendants make, use, offer to sell, sell and/or import into the United States products and/or systems that infringe the patents-in-suit.

29. Defendants' infringing products (the "Accused Products") include, but are not limited to, models of the Samsung/Verizon Wireless Network Extender, and the Samsung/Verizon Wireless 4G LTE Network Extender.

30. Verizon and Verizon Wireless at least sell and offer for sale infringing products such as the Accused Products, including through the Verizon Wireless website. *See Network Extenders*, VERIZON WIRELESS, https://www.verizonwireless.com/home-services/hotspots/network-extenders.

31. The Accused Products are touted as a means of expanding access to Verizon cellular service using Verizon coordination centers and existing network infrastructure, such as a broadband Internet connection, by routing cellular communications through add-on base stations in lieu of cell phone towers.  The Accused Products are advertised as working "like a miniature cell phone tower" for consumers "who want to boost their wireless signal . . . in unique situations, like houses with structural barriers, basements, or remote areas:"[2]

---

[2] *Samsung Network Extender – Verizon Wireless*, VERIZON WIRELESS, https://www.verizonwireless.com/accessories/samsung-network-extender-scs-2u01 (last visited Jan. 20, 2018).

32. The Accused Products employ, as disclosed by plaintiff's patents-in-suit,   a gateway consisting of a transceiver adapted to establish a radio-frequency link with a mobile device; a first interface adapted to facilitate data flow between a mobile device and a packet-based data network; and a controller adapted to regulate data flow between a mobile device and a data network based, at least partially, on information received over a data network from a coordination center, which center is connected to a data network through a second interface.



## Introduction

Congratulations on the purchase of your Verizon Wireless Network Extender.

Your purchase of this Network Extender enhances the wireless telephone service that you and your family will receive while in your home or home office.

*Fig. 3.* Describing the Samsung/Verizon Wireless Network Extender.



*Fig. 4.* Depicting connecting of Samsung/Verizon Wireless Network Extender.[3]

---

[3] Unless otherwise indicated, figures depicting the Samsung/Verizon Wireless Network Extender are taken from the Network Extender user manual.  *See Samsung Verizon Wireless Network Extender User Manual*, VERIZON WIRELESS, https://www.verizonwireless.com/dam/support/pdf/network_extender_user_manual.pdf.



*Fig. 5.*      Depicting connecting of mobile device via Samsung/Verizon Wireless Network Extender.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,014,284

33. Plaintiff incorporates by reference Paragraphs 1 through 32 above.

34. Defendants have infringed and continue to infringe the '284 patent in violation of 35 U.S.C. § 271, directly and/or indirectly by at least manufacturing, supplying, distributing, selling and/or offering for sale products and/or systems, including the Accused Products, and/or by contributing to or inducing infringement with others with the intent to cause infringement of the '284 patent.

35. As set forth in the preceding paragraphs, Defendants have infringed and continue to infringe the '284 patent, which discloses systems, devices, and methods for expanding cellular coverage.   For example, Defendants have infringed at least claim 1 of the '284 patent, which

discloses a "gateway to a packet-based data network comprising: a transceiver adapted to establish a radio-frequency link with a mobile device; a first interface adapted to facilitate data flow between the mobile device and the packet-based data network; and a controller adapted to regulate data flow between the mobile device and the data network based, at least partially, on information received over the data network from a coordination center, which center is connected to the data network through a second interface."[4]

36. Where acts constituting direct infringement of the '284 patent are not performed by Defendants, such acts constituting direct infringement of the '284 patent are performed by Defendants' customers or end-users, who act at the direction and/or control of Defendants, with Defendants' knowledge.

37. No later than the filing of this Complaint, Defendants have had actual knowledge of the '284 patent.

38. Plaintiff is informed and believes, and on that basis alleges, that Defendants are indirectly infringing one or more claims of the '284 patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '284 patent.

39. Defendants knowingly direct their customers to engage in acts that practice methods claimed in the patents-in-suit.  For example, the user manual for the Samsung/Verizon Wireless Network Extender instructs users to establish a data link between a mobile device and the radio-frequency transceiver, which transceiver is functionally associated with a packet-based data network through a first interface.

---

[4] Exhibit A, at 18.





*Fig. 6.* Depicting instructions for consumer to establish radio-frequency link between mobile device and Samsung/Verizon Wireless Network Extender.

40. Plaintiff is informed and believes, and on that basis alleges, that Defendants are indirectly infringing one or more claims of the '284 patent by contributory infringement in violation of 35 U.S.C. § 271(c).  Defendants are aware that components of the Accused Products are a material and substantial part of the invention claimed by the '284 patent, and that they are

designed for a use that is both patented and infringing, and that has no substantial non-infringing uses.

41. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants (or any successor entity to Defendants) the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,559,312

42. Plaintiff incorporates by reference Paragraphs 1 through 41 above.

43. Defendants have infringed and continue to infringe the '312 patent in violation of 35 U.S.C. § 271, directly and/or indirectly by at least manufacturing, supplying, distributing, selling and/or offering for sale products and/or systems, including the Accused Products, and/or by contributing to or inducing infringement with others with the intent to cause infringement of the '312 patent.

44. For example, as set forth in the preceding paragraphs, Defendants have infringed and continue to infringe at least claim 1 of the '312 patent, which discloses a "gateway to a packet-based data network comprising: a transceiver adapted to establish a radio frequency link with a mobile device; a connector to a packet based data network; and a connection regulator adapted to facilitate data flow between the mobile device and the packet-based data network; wherein said gateway is adapted to determine a physical location of said gateway."[5]

---

[5] Exhibit B, at 18.

**Components - Rear View**

The rear of the Network Extender provides access to the WAN port, power port, and external GPS antenna.

1. **GPS Antenna Port** slides to provide access to the external GPS antenna for removal and relocation.

   • A red GPS LED indicates a GPS signal could not be detected using the internal GPS antenna. The external GPS antenna should be connected. See "External GPS Antenna" on page 14.

2. **Heat Vents** provide passive ventilation for the Network Extender and allow for dissipation of internally generated heat.

Note: The Network Extender needs to remain vertical and in a well-ventilated location. The vertical position allows proper air flow to the internal components.

3. **DC 12V Power Port** provides power to the Network Extender when connected to the AC power supply and cord (included).

Warning!: Only use the provided power cord and supply. Using any other power source may damage the Network Extender.



*Fig 7.* Depicting Samsung/Verizon Wireless Network Extender GPS functionality.

45. Where acts constituting direct infringement of the '312 patent are not performed by Defendants, such acts constituting direct infringement of the '312 patent are performed by Defendants' customers or end-users who act at the direction and/or control of Defendants, with Defendants' knowledge.

46. No later than the filing of this Complaint, Defendants have had actual knowledge of the '312 patent.

47. Plaintiff is informed and believes, and on that basis alleges, that Defendants are indirectly infringing one or more claims of the '312 patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '312 patent.

48. For example, Defendants direct their customers how to establish a GPS connection for the Accused Products:

- The Network Extender utilizes a GPS receiver to get both timing and unit location information. In case of a weak GPS signal, install the external GPS antenna and locate it near a window to receive a stronger signal.

**Section 3: External GPS Antenna**

If your Verizon Wireless Network Extender cannot receive a Global Positioning System (GPS) signal, it may be necessary to improve the reception by installing and then positioning the external GPS antenna. This section outlines the installation and relocation of this GPS antenna.

**Antenna Installation**

In some cases, you may find that because of its current location, the Network Extender's GPS antenna may not be able to properly receive an active GPS signal. If a stable GPS signal is not detected, as indicated by the red GPS LED, you will need to install the GPS antenna cable as explained in this section.

Without a valid GPS signal, the Network Extender cannot function properly, and calls will be redirected to the nearest compatible cell tower.

**Warning!:** Use only the GPS antenna supplied with your Verizon Wireless Network Extender.

*Fig. 8.* Describing GPS feature of Samsung/Verizon Wireless Network Extender.

49. Plaintiff is informed and believes, and on that basis alleges, that Defendants also indirectly infringe one or more claims of the '312 patent by contributory infringement in violation of 35 U.S.C. § 271(c).  Defendants are aware that components of the Accused Products are a material and substantial part of the invention claimed by the '312 patent, and that they are designed for a use that is both patented and infringing, and that has no substantial non-infringing uses.

50. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants (or any successor entity to Defendants) the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 9,392,638**

51. Plaintiff incorporates by reference Paragraphs 1 through 50 above.

52. Defendants have infringed and continue to infringe the '638 patent in violation of 35 U.S.C. § 271, directly and/or indirectly by at least manufacturing, supplying, distributing, selling and/or offering for sale products and/or systems, including the Accused Products, and/or by contributing to or inducing infringement with others with the intent to cause infringement of the '638 patent.

53. For example, as set forth in the preceding paragraphs, Defendants have infringed and continue to infringe at least claim 1 of the '638 patent, which discloses an "add-on base station comprising: a transceiver adapted to establish a radio-frequency link with a mobile device; a first interface, separate from said transceiver, that is adapted for communication over the public Internet; a controller adapted to: determine current geographical location data for the add-on base station using a global positioning system (GPS) device included in the add-on base station, wherein the current geographical location data includes location data determined by the GPS device; transmit recurrent updates regarding current operating parameters to a server of a server system via the public Internet, wherein the current operating parameters include current geographical location data and the server system is adapted to identify the base station based on a unique property stored in a tamper-free unit of the add-on base station and to track the add-on

base station based on the identification; obtain, from a server of the server system accessed via the public Internet, gateway Internet Protocol (IP) address for a remote gateway that includes a first interface to the public Internet and a second interface communicably coupled to a network of a telephone service provider; route, using the gateway IP address, data from the mobile device, over the public Internet, to the remote gateway; and wherein the add-on base station has transmission power lower than transmission power of convention base stations and produces a cell smaller than macrocells of conventional base stations, and wherein the server system is adapted to authorize and de-authorized add-on base stations to route data to the remote gateway through the public Internet by recurrently issuing an operating license for the add-on base station."



*Fig. 9.* Depicting activation of Samsung/Verizon Wireless Network Extender.

54. No later than the filing of this Complaint, Defendants have had actual knowledge of the '638 patent.

55. Plaintiff is informed and believes, and on that basis alleges, that Defendants are indirectly infringing one or more claims of the '638 patent by active inducement in violation of

35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '638 patent.

56. Plaintiff is informed and believes, and on that basis alleges, that Defendants also indirectly infringe one or more claims of the '638 patent by contributory infringement in violation of 35 U.S.C. § 271(c).  Defendants are aware that components of the Accused Products are a material and substantial part of the invention claimed by the '638 patent, and that they are designed for a use that is both patented and infringing, and that has no substantial non-infringing uses.

57. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants (or any successor entity to Defendants) the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

58. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BARKAN WIRELESS IP HOLDINGS, L.P. requests entry of judgment in its favor and against Defendants SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., VERIZON COMMUNICATIONS, INC., and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS as follows:

a)      Declaration that Defendants have infringed United States Patent Nos. 8,014,284; 8,559,312; and 9,392,638;

b)      Awarding damages, in an amount no less than a reasonable royalty, arising out of

Defendants' infringement of United States Patent Nos. 8,014,284; 8,559,312; and 9,392,638 to

Plaintiff, together with prejudgment and post-judgment interest, in an amount according to proof;

c)      An award of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted

by law; and

d)      For such other costs and further relief as the Court may deem just and proper.


DATED: January 30, 2018

Respectfully submitted,

/s/ Max L. Tribble, Jr. by permission Claire Henry
Max L. Tribble, Jr. – Lead Counsel
Texas State Bar No. 20213950
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com

William D. O'Connell
New York State Bar No. 5491014
**SUSMAN GODFREY, L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
boconnell@susmangodfrey.com

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone (903) 845-5770

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)