**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** § § **Plaintiff,** § § § **Case No. 2:18-cv-00028** v. § § **Jury Trial Requested** **SAMSUNG ELECTRONICS CO., LTD.,** § **SAMSUNG ELECTRONICS AMERICA,** § **INC., VERIZON COMMUNICATIONS,** § **INC. AND CELLCO PARTNERSHIP d/b/a** § **VERIZON WIRELESS** § § § **Defendants.** § | |

## <u>DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS' AND VERIZON COMMUNICATIONS INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") and Verizon Communications Inc. ("VCI") (collectively, the "Verizon Defendants") answer Plaintiff Barkan Wireless IP Holdings, L.P. ("Barkan") Complaint for Patent Infringement ("Complaint") against Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. (collectively "Samsung"), the Verizon Defendants (collectively, "Defendants") as follows.

1.  The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them. Barkan's Paragraph 1 does not itself appear to contain any allegations requiring a response. The Verizon Defendants admit that Barkan's pleading purports to be a complaint, but deny the Verizon Defendants have infringed any valid and enforceable patent claim or that Barkan is entitled to any relief.

## THE PARTIES

2. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore deny them.

3. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore deny them.

4. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore deny them.

5. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore deny them.

6. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore deny them.

7. The Verizon Defendants admit that Verizon is a Delaware corporation with a principal place of business at 1095 Avenue of the Americas, New York, New York 10016.

8. The Verizon Defendants admit that Verizon Wireless is a Delaware general partnership indirectly owned by Verizon Communications Inc. with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.  The Verizon Defendants admit that Verizon Wireless has wireless retail stores located in the Eastern District of Texas.  The Verizon Defendants deny all remaining allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

9. The Verizon Defendants admit that this Court has subject matter jurisdiction over the patent law claims identified in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore deny them.

11. To the extent that the allegations of paragraph 11 of the Complaint set forth legal conclusions, no response is required. The Verizon Defendants admit that Verizon Wireless has conducted business in the Eastern District of Texas and that this Court may exercise personal jurisdiction over Verizon Wireless for purposes of this specific action. The Verizon Defendants deny any remaining allegations of paragraph 11 including specifically that VCI has conducted business in the Eastern District of Texas and that VCI is subject to personal jurisdiction in this District. The Verizon Defendants admit that Verizon Wireless has wireless retail stores located in the Eastern District of Texas. The Verizon Defendants deny all remaining allegations in Paragraph 11 of the Complaint.

12. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore deny them.

13. The Verizon Defendants admit that, for purposes of the present action, venue is permissible with respect to Verizon Wireless in the Eastern District of Texas although venue would be more appropriate in other districts. The Verizon Defendants deny that venue is permissible or proper with respect to VCI in the Eastern District of Texas. The Verizon Defendants admit that Verizon Wireless has retail stores located in the Eastern District of Texas. The Verizon Defendants admit that the website URL at https://www.verizonwireless.com/dam/support/pdf/network_extender_user_manual.pdf (to the extent that is what is referenced by paragraph 13 of the Complaint) identifies, for *Samsung Telecommunications America (STA) LLC*, a "Headquarters" located at 1301 E. Lookout Drive, Richardson TX 78052 as well as a "Customer Care Center" located at 1000 Klein Rd. Plano, TX 75074. The Verizon Defendants deny all remaining allegations in Paragraph 13 of the Complaint.

**SINGLE ACTION**

14. Paragraph 14 appears to set forth conclusions of law and not any factual allegations. To the extent that paragraph 14 sets forth any factual allegations, the Verizon Defendants deny all remaining allegations in Paragraph 14 of the Complaint.

15. The Verizon Defendants admit that Verizon Wireless sells and offers for sale the Samsung/Verizon Wireless Network Extender and Samsung/Verizon Wireless 4G LTE Network Extender as accused in the Complaint, but specifically deny that any such actions infringe any valid claims of the patents asserted in the Complaint. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore deny them.

**PATENTS-IN-SUIT**

16. The Verizon Defendants admit that the face of U.S. Patent No. 8,014,284 ("the '284 patent") bears an international filing date under the Patent Cooperation Treaty of August 12, 1999, bears a national phase filing date of June 4, 2001, and bears an issuance date of than September 6, 2011. The Verizon Defendants admit that the '284 patent is entitled "Cellular Network System and Method" and that Exhibit A to the Complaint appears to be a copy of the '284 patent. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, including specifically the assignee and inventor, and therefore deny them.

17. The Verizon Defendants admit that the face of U.S. Patent No. 8,559,312 ("the '312 patent") bears a domestic filing date of July 13, 2011, bears an issuance date of than October 15, 2013 and indicates that the '312 patent is designated a continuation of the application resulting in the '284 patent. The Verizon Defendants admit that the '312 patent is entitled "Systems, Devices

and Methods for Providing Access to a Distributed Network" and that Exhibit B to the Complaint appears to be a copy of the '312 patent. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 including specifically the assignee and inventor, and therefore deny them.

18. The Verizon Defendants admit that the face of U.S. Patent No. 9,392,638 ("the '638 patent") bears a domestic filing date of August 21, 2012, bears an issuance date of than July 12, 2016 and indicates that the '638 patent is designated a continuation of the applications resulting in the '284 and '312 patents. The Verizon Defendants admit that the '638 patent is entitled "Systems, Devices and Methods for Providing Access to a Distributed Network" and that Exhibit C to the Complaint appears to be a copy of the '638 patent. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 including specifically the assignee and inventor, and therefore deny them.

19. Paragraph 19 does not appear to set forth factual allegations. To the extent that paragraph 19 sets forth any factual allegations, the Verizon Defendants admit that the '284, '312, and '638 patents appear to be the patents asserted in the Complaint. The Verizon Defendants deny all remaining allegations in Paragraph 19 of the Complaint.

20. The Verizon Defendants admit that the diagram in Paragraph 20 appears to correspond with Figure 5 of the '312 patent. The Verizon Defendants admit that Paragraph 20 recites, in part, language from the specification of the asserted patents. The Verizon Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

21. The Verizon Defendants admit that Paragraph 21 recites, in part, language from the specification of the asserted patents. The Verizon Defendants deny all remaining allegations in Paragraph 21 of the Complaint.

22. The Verizon Defendants admit that Paragraph 22 recites, in part, language from a portion of the specification of the asserted patents describing a preferred embodiment.

23. The Verizon Defendants deny the allegations of Paragraph 23.

24. The Verizon Defendants admit that Paragraph 24 identifies factors that can constitute benefits to consumers in some circumstances, but specifically deny that the patents-in-suit provide or enable such benefits.

25. The Verizon Defendants admit that Paragraph 25 identifies factors that can constitute benefits to consumers in some circumstances, but specifically deny that the patents-in-suit provide or enable such benefits.

**DEFENDANTS' [ALLEGEDLY AND ACCUSED] INFRINGING PRODUCTS**

26. The Verizon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore deny them.

27. The Verizon Defendants deny the allegations of paragraph 27.

28. The Verizon Defendants deny the allegations of paragraph 28.

29. The Verizon Defendants admit that Verizon Wireless sells and offers for sale the models of the Samsung/Verizon Wireless Network Extender and the Samsung/Verizon Wireless 4G LTE Network Extender as those terms are used in the Complaint, but the Verizon Wireless Defendants specifically deny that those products / models infringe any valid claim of the asserted patents in this action.

30. The Verizon Defendants admit that Verizon Wireless sells and offers for sale the models of the Samsung/Verizon Wireless Network Extender and the Samsung/Verizon Wireless 4G LTE Network Extender as those terms are used in the Complaint, but the Verizon Wireless

Defendants specifically deny that those products / models infringe any valid claim of the asserted patents in this action.

31. The Verizon Defendants admit that the URL at https://www.verizonwireless.com/accessories/samsung-network-extender-scs-2u01/ states that the network extenders "work like a miniature cell phone tower" and "Ideal for those who want to boost their wireless signal when making voice calls, sending text & multi-media message or using their data in unique situations, like houses with structural barriers, basements, or remote areas." The Verizon Defendants deny the remaining allegations of paragraph 31.

32. The Verizon Defendants admit that the diagrams in paragraph 32 appear to correspond to figures in the document at the URLhttps://www.verizonwireless.com/dam/support/pdf/network_extender_user_manual.pdf. The Verizon Defendants deny the remaining allegations of paragraph 32.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,014,284

33. The Verizon Defendants incorporate by reference Paragraphs 1 through 32 above.

34. The Verizon Defendants deny the allegations of Paragraph 34.

35. As set forth in the preceding paragraphs, the Verizon Defendants deny the allegations of Paragraph 35.

36. Paragraph 36 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 36.

37. The Verizon Defendants deny that they had actual knowledge of the '284 patent as of the filing of the Complaint.

38. Paragraph 38 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 38.

39. Paragraph 39 sets forth conclusions of law and not averments of facts. The Verizon Defendants admit that the diagrams in paragraph 39 appear to correspond to figures in the document at the URL https://www.verizonwireless.com/dam/support/pdf/network_extender_user_manual.pdf. To the extent that any response is necessary, the Verizon Defendants deny the remaining allegations of Paragraph 39.

40. Paragraph 40 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 40.

41. Paragraph 41 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 41.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,559,312

42. The Verizon Defendants incorporate by reference Paragraphs 1 through 41 above.

43. The Verizon Defendants deny the allegations of Paragraph 43.

44. As set forth in the preceding paragraphs, the Verizon Defendants deny the allegations of Paragraph 44.

45. Paragraph 45 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 45.

46. The Verizon Defendants deny that they had actual knowledge of the '312 patent as of the filing of the Complaint.

47. Paragraph 47 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 47.

48. Paragraph 48 sets forth conclusions of law and not averments of facts. The Verizon Defendants admit that the diagrams in paragraph 48 appear to correspond to figures in the

document at the URL https://www.verizonwireless.com/dam/support/pdf/network_extender_user_manual.pdf. To the extent that any response is necessary, the Verizon Defendants deny the remaining allegations of Paragraph 48.

49. Paragraph 49 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 49.

50. Paragraph 50 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 50.

### **COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,392,638**

51. The Verizon Defendants incorporate by reference Paragraphs 1 through 50 above.

52. The Verizon Defendants deny the allegations of Paragraph 52.

53. Paragraph 53 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 53.

54. The Verizon Defendants deny that they had actual knowledge of the '638 patent as of the filing of the Complaint.

55. Paragraph 55 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 55.

56. Paragraph 56 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 56.

57. Paragraph 57 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, the Verizon Defendants deny the allegations of Paragraph 57.

58. This paragraph sets forth Barkan's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Barkan to which no response is required.  The Verizon Defendants deny that Barkan is entitled to any relief and specifically deny all the allegations and prayers for relief contained in paragraphs (a) through (d) of Barkan's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, The Verizon Defendants deny any remaining allegations, including those included in any footnotes, in Barkan's Complaint.

## DEFENSES

Subject to the responses above, Verizon Wireless alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Verizon Wireless bears the burden of proof as to any of them or that any must be pleaded as defenses.  Verizon Wireless specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## (No Infringement)

59. The Verizon Defendants do not infringe, any valid and enforceable claim of the '284, '312 and '638, patents, in any manner under any section of 35 U.S.C. § 271 including 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise either alone or jointly with any other entity.  The Verizon Defendants have not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Barkan.

60. The Verizon Defendants do not indirectly infringe any asserted claim and, in particular, do not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

61. The Verizon Defendants do not supply any component that contributes to infringement of any valid claim.

## SECOND DEFENSE
### (Invalidity)

62. The asserted claims of the '284, '312 and '638 patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

63. As a second example, one or more individual prior art references discloses all limitations of one or more of the asserted claims of the '284, '312 and '638 patents, rendering one or more of them invalid as anticipated under 35 U.S.C. § 102.

64. As a third example, combinations of prior art references disclose all of the limitations of each of the '284, '312 and '638 patents' asserted claims, and a person of ordinary skill in the art at the time each of the '284, '312 and '638 patents was filed, respectively, would have been motivated to combine those prior art references to achieve the subject matter recited in each asserted claim, rendering the '284, '312 and '638 patents' asserted claims invalid as obvious in view of the prior art under 35 U.S.C. § 103.

## THIRD DEFENSE

65. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE
### (Notice, Damages, and Costs)

66. Barkan's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

67. Barkan is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

68. Barkan's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Barkan is not entitled to a double recovery.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

69. Barkan's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the '284, '312 and '638 patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## RESERVATION OF DEFENSES

Verizon Wireless hereby reserves the right to supplement defenses as discovery proceeds in this case.

## PRAYER FOR RELIEF

WHEREFORE, Verizon Wireless prays for judgment as follows:

a. A judgment dismissing Barkan's Complaint against Verizon Wireless with prejudice;

b. A judgment in favor of Verizon Wireless on all of its Defenses;

c. A judgment that Verizon Wireless has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '284, '312 and '638 patents;

d. A judgment that the '284, '312 and '638 patents are invalid;

e. A judgment that the '284, '312 and '638 patents are unenforceable;

f. An award to Verizon Wireless of its fees and expenses of litigation;

    g.      A judgment limiting or barring Barkan's ability to enforce the '284, '312 and '638 patents in equity;

    h      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Verizon Wireless respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

Dated: April 9, 2018    */s/Michael E. Jones*

                      Michael E. Jones (LEAD ATTORNEY)
                      State Bar No. 10929400
                      mikejones@potterminton.com
                      POTTER MINTON
                      A Professional Corporation
                      110 N. College, Suite 500 (75702)
                      P.O. Box 359
                      Tyler, TX 75710
                      Tel: (903) 597-8311
                      Fax: (903) 593-0846

                      Kevin P. Anderson
                      kanderson@wileyrein.com
                      WILEY REIN LLP
                      1776 K Street, NW
                      Washington, D.C. 20006
                      Tel: 202.719.7000
                      Fax: 202.719.7049

                      *Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 9, 2018.

                      */s/ Michael E. Jones*