**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** | |
| **Plaintiff,** | **Civil Action No. 2:18-cv-28-JRG** |
| **v.** | |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., VERIZON COMMUNICATIONS, INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.'S AND
SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

1.      Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively referred to herein as "Samsung") answers Plaintiff Barkan Wireless IP Holdings, L.P.'s ("Barkan") Complaint for Patent Infringement ("Complaint") as follows.  Samsung admits that Barkan's pleading purports to be a complaint for patent infringement, but denies Samsung has infringed any valid and enforceable patent claim or that Barkan is entitled to any relief.  Except as expressly admitted, Samsung denies each and every allegation in Barkan's Complaint.  Samsung's specific responses to the numbered allegations are set forth below.

**THE PARTIES**

2.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies them.

1

3.      Samsung admits that SEC is a Korean corporation and that SEC's headquarters are located at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea.  Samsung denies the remaining allegations of paragraph 3 of the Complaint.

4.      Samsung admits that SEA is a New York corporation, that SEA's principal place of business is located at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and that SEA has an office located at 1301 East Lookout Drive, Richardson, Texas 75082.  Samsung denies the remaining allegations of paragraph 4 of the Complaint.

5.      Samsung admits that SEA is a wholly owned subsidiary of SEC, and that SEA is involved in the sales and distribution of certain Samsung-branded consumer electronics products in the United States.  Samsung denies the remaining allegations of paragraph 5 of the Complaint.

6.      Samsung admits that effective January 2015 Samsung Telecommunications America LLC ("STA") merged with SEA and that STA ceased to exist as a separate entity. Samsung admits that STA was involved in the sales and distribution of certain Samsung-branded consumer electronics products in the United States prior to January 2015.  Samsung denies the remaining allegations of paragraph 6 of the Complaint.

7.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies them.

8.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

9.      Samsung admits that the Complaint alleges infringement under the United States patent laws.  Samsung further admits that this Court has subject matter jurisdiction over this

action pursuant to 28 U.S.C. § 1338(a).  Samsung denies that it is in any way liable or indebted to Barkan under these or any other claims.

10.     Samsung does not contest, solely for the purpose of the present litigation, whether personal jurisdiction over it properly lies in this District.  Samsung admits that SEA has offices in the Eastern District of Texas.  Samsung admits that SEC and SEA did not dispute personal jurisdiction in their Answers filed in *Richardson v. Samsung Electronics Co.,* No. 6-17-cv-428 (E.D. Tex. Oct. 20, 2017) and *Immersion Corp. v. Samsung Electronics America,* No. 17-cv-572 (E.D. Tex. Oct. 24, 2017).  Samsung denies that it imports, offers for sale, makes, uses, or sells products that infringe the asserted patents.  Samsung denies that it is in any way liable or indebted to Barkan under these or any other claims.  The remaining allegations in Paragraph 10 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

11.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies them.

12.     Samsung does not contest, solely for the purpose of the present litigation, whether venue over it properly lies in this District, but Samsung denies that venue in this District is convenient.  Samsung denies that it infringes any valid and enforceable claim of the asserted patents.  Samsung denies that it is in any way liable or indebted to Barkan under these or any other claims.  The remaining allegations in Paragraph 12 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

13.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies them.

## SINGLE ACTION

14.     Paragraph 14 appears to set forth conclusions of law and not any factual allegations.  To the extent the allegations of paragraph 14 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

15.     Samsung admits that SEC has manufactured and continues to manufacture certain versions of the Wireless Network Extender and Wireless 4G LTE Network Extender identified in the Complaint.  Samsung denies the remaining allegations of paragraph 15 of the Complaint.

## PATENTS-IN-SUIT

16.     Samsung admits that what appears to be a copy of United States Patent No. 8,014,284 (the "'284 patent") is attached as Exhibit A to the Complaint.  Samsung admits that Elad Barkan is listed as the named inventor of the '284 patent.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 16 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

17.     Samsung admits that what appears to be a copy of United States Patent No. 8,559,312 (the "'312 patent") is attached as Exhibit B to the Complaint.  Samsung admits that Elad Barkan is listed as the named inventor of the '312 patent.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 17 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

18.     Samsung admits that what appears to be a copy of United States Patent No. 9,392,638 (the "'638 patent") is attached as Exhibit C to the Complaint.  Samsung admits that Elad Barkan is listed as the named inventor of the '638 patent.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 18 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

19.     Samsung admits that Barkan refers to the '284, '312, and '638 patents collectively as "the patents-in-suit" in its Complaint.

20.     Samsung denies that Barkan's description of the patents-in-suit in Paragraph 20 is complete or accurate.  Samsung admits that a representation of Figure 2 of the '312 patent appears to be reproduced in paragraph 20 of the Complaint.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 20 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

21.     Samsung denies that Barkan's description of the patents-in-suit in Paragraph 21 is complete or accurate.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 21 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

22.     Samsung denies that Barkan's description of the patents-in-suit in Paragraph 22 is complete or accurate.  Samsung admits that a representation of portions of the specification of

the patents-in-suit is reproduced in paragraph 22 of the Complaint.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 22 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

23.     Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 23 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

24.     Samsung denies that Barkan's allegations regarding consumer benefits in Paragraph 24 is complete or accurate.  To the extent the allegations of paragraph 24 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

25.     Samsung denies that Barkan's allegations regarding telecommunication provider benefits in Paragraph 25 are complete or accurate.  To the extent the allegations of paragraph 25 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

## DEFENDANTS' ALLEGEDLY INFRINGING PRODUCTS

26.     Samsung admits that SEC is the parent corporation of SEA.  Samsung denies that Barkan's characterization of Samsung in Paragraph 26 is complete or accurate.  Samsung denies the remaining allegations of paragraph 26 of the Complaint.

27.     Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 the Complaint, and therefore denies them.

WEST\284045274.1

28.     Samsung denies the allegations of paragraph 28 of the Complaint.

29.     Samsung denies the allegations of paragraph 29 of the Complaint.

30.     Samsung denies the allegations of paragraph 30 of the Complaint to the extent they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint, and therefore denies them.

31.     Samsung denies that Barkan's description of the Accused Products in Paragraph 31 is complete or accurate.  Samsung denies that it imports, offers for sale, makes, uses, or sells products that infringe the asserted patents.  Samsung denies the remaining allegations of paragraph 31 of the Complaint.

32.     Samsung denies the allegations of paragraph 32 of the Complaint.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,014,284

33.     Samsung repeats and incorporates each and every response to the allegations in paragraphs 1 through 32 as if fully set forth herein.

34.     Samsung denies the allegations of paragraph 34 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint, and therefore denies them.

35.     Samsung denies the allegations of paragraph 35 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint, and therefore denies them.

36.     Samsung denies the allegations of paragraph 36 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and therefore denies them.

37.     Samsung admits that it became aware of the '284 patent on or about the date that Plaintiff filed its Complaint.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 37 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

38.     Samsung denies the allegations of paragraph 38 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the Complaint, and therefore denies them.

39.     Samsung denies the allegations of paragraph 39 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint, and therefore denies them.

40.     Samsung denies the allegations of paragraph 40 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint, and therefore denies them.

41.     Samsung denies the allegations of paragraph 41 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint, and therefore denies them.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,559,312

42.     Samsung repeats and incorporates each and every response to the allegations in paragraphs 1 through 41 as if fully set forth herein.

WEST\284045274.1

43.      Samsung denies the allegations of paragraph 43 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 of the Complaint, and therefore denies them.

44.      Samsung denies the allegations of paragraph 44 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of the Complaint, and therefore denies them.

45.      Samsung denies the allegations of paragraph 45 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the Complaint, and therefore denies them.

46.      Samsung admits that it became aware of the '312 patent on or about the date that Plaintiff filed its Complaint.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 46 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

47.      Samsung denies the allegations of paragraph 47 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint, and therefore denies them.

48.      Samsung denies the allegations of paragraph 48 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 of the Complaint, and therefore denies them.

49.     Samsung denies the allegations of paragraph 49 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint, and therefore denies them.

50.     Samsung denies the allegations of paragraph 50 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint, and therefore denies them.

### COUNT III
### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,392,638

51.     Samsung repeats and incorporates each and every response to the allegations in paragraphs 1 through 50 as if fully set forth herein.

52.     Samsung denies the allegations of paragraph 52 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52 of the Complaint, and therefore denies them.

53.     Samsung denies the allegations of paragraph 53 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 of the Complaint, and therefore denies them.

54.     Samsung admits that it became aware of the '638 patent on or about the date that Plaintiff filed its Complaint.  Samsung lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 of the Complaint and on that basis denies them.  To the extent the allegations of paragraph 54 constitute conclusions of law, no response of Samsung is required; to the extent an answer is required, Samsung denies the allegations.

55.     Samsung denies the allegations of paragraph 55 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 of the Complaint, and therefore denies them.

56.     Samsung denies the allegations of paragraph 56 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 of the Complaint, and therefore denies them.

57.     Samsung denies the allegations of paragraph 57 of the Complaint as they relate to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Complaint, and therefore denies them.

## JURY DEMAND

58.     This paragraph sets forth Barkan's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Barkan to which no response is required.  Samsung denies that Barkan is entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs (a) through (d) of Barkan's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATION

Except as specifically admitted herein, Samsung denies any remaining allegation in Barkan's Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Samsung alleges and asserts the following defenses in response to the allegations in Barkan's Complaint, undertaking the burden of proof only as to

WEST\284045274.1

those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Samsung specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

59.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (No Infringement)

60.     Samsung does not infringe any valid and enforceable claim of the '284, '312, or '638 patents in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.  Samsung has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Barkan.

## THIRD AFFIRMATIVE DEFENSE
## (Invalidity)

61.     The asserted claims of the '284, '312, and '638 patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following:  35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251 and the judicial doctrine of obvious-type double patenting.

## FOURTH AFFIRMATIVE DEFENSE
## (Notice and Damages)

62.     Barkan's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

WEST\284045274.1

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

63.    Barkan's claims are barred in whole or in part by the doctrines of prosecution

history estoppel and/or prosecution disclaimer.

## SIXTH AFFIRMATIVE DEFENSE
### (Ensnarement)

64.    Barkan's claims are barred or limited in whole or in part by the doctrine of

ensnarement.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

65.    Barkan lacks standing to assert at least some or all of the patents-in-suit.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unenforceability –Inequitable Conduct)

66.    For the reasons set forth herein below in Samsung's Counterclaims alleging

unenforceability, including Paragraphs 41 through 64 of the Counterclaims, which are hereby

incorporated into the statement of this additional defense, the '312 and '638 patents are

unenforceable due to inequitable conduct committed during the prosecution of the '312 patent

and the doctrine of infectious unenforceability.

## RESERVATION OF AFFIRMATIVE DEFENSES

Samsung hereby reserves the right to supplement its affirmative defenses as discovery

proceeds in this case.

## COUNTERCLAIMS

Defendants-Counterclaimants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively referred to herein as "Samsung") bring the following additional counterclaims against Plaintiff-Counterdefendant Barkan Wireless IP Holdings, L.P. ("Counterdefendant" or "Barkan"):

## THE PARTIES

1.      SEC is a Korean corporation with its headquarters located at Samsung Electronics Co., Ltd. 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea.

2.      SEA is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

3.      On information and belief, Barkan is a Delaware limited partnership.

## JURISDICTION AND VENUE

4.      Barkan is subject to the personal jurisdiction of this Court because, including without limitation, Barkan has availed itself of the protection of this judicial District by filing the present lawsuit in this District.

5.      Although venue is more properly established in a judicial district that would better serve the convenience of the parties and witnesses and the interests of justice, the minimum requisites for venue under 28 U.S.C. § 1391 exist in this judicial District.

6.      In its Complaint in this lawsuit, Barkan has alleged that it owns U.S. Patent No. 8,014,284 (the "'284 patent").

7.      In its Complaint in this lawsuit, Barkan has further alleged that Samsung infringes the '284 patent, and that the '284 patent is valid and enforceable.  Samsung denies these allegations.

14

8.      In its Complaint in this lawsuit, Barkan has alleged that it owns U.S. Patent No. 8,559,312 (the "'312 patent").

9.      In its Complaint in this lawsuit, Barkan has further alleged that Samsung infringes the '312 patent, and that the '312 patent is valid and enforceable.  Samsung denies these allegations.

10.      In its Complaint in this lawsuit, Barkan has alleged that it owns U.S. Patent No. 9,392,638 (the "'638 patent").

11.      In its Complaint in this lawsuit, Barkan has further alleged that Samsung infringes the '638 patent, and that the '638 patent is valid and enforceable.  Samsung denies these allegations.

12.      An actual controversy exists between Counterdefendant Barkan and Samsung regarding the validity, enforceability, and infringement of the '284, '312, and '638 patents.

13.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '284 Patent)

14.      Samsung hereby incorporates and realleges Paragraphs 1-13 of these Counterclaims as if fully rewritten here.

15.      Samsung does not infringe and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '284 patent, either literally or under the doctrine of equivalents.

16.      Barkan is precluded under the doctrine of prosecution history estoppel from asserting or construing, whether literally or by the doctrine of equivalents, any claim of the '284

patent in a way that would read upon any product made, used, sold, offered for sale, or imported by Samsung.

17.    As set forth above, an actual and justiciable controversy exists between Samsung and Barkan as to Samsung's noninfringement of the '284 patent.

18.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Samsung requests that this Court enter a judgment that Samsung does not infringe, under any theory of infringement, any valid claim of the '284 patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '284 Patent)

19.    Samsung hereby incorporates and realleges Paragraphs 1-18 of these Counterclaims as if fully rewritten here.

20.    The asserted claims of the '284 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

21.    As set forth above, an actual and justiciable controversy exists between Samsung and Barkan as to whether the claims of the '284 patent are invalid.

22.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Samsung requests that this Court enter a judgment that the claims of the '284 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

## THIRD COUNTERCLAIM
### (Declaration of Non-Infringement of the '312 Patent)

23.    Samsung hereby incorporates and realleges Paragraphs 1-22 of these Counterclaims as if fully rewritten here.

24.     Samsung does not infringe and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '312 patent, either literally or under the doctrine of equivalents.

25.     Barkan is precluded under the doctrine of prosecution history estoppel from asserting or construing, whether literally or by the doctrine of equivalents, any claim of the '312 patent in a way that would read upon any product made, used, sold, offered for sale, or imported by Samsung.

26.     As set forth above, an actual and justiciable controversy exists between Samsung and Barkan as to Samsung's noninfringement of the '312 patent.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Samsung requests that this Court enter a judgment that Samsung does not infringe, under any theory of infringement, any valid claim of the '312 patent.

## FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '312 Patent)

28.     Samsung hereby incorporates and realleges Paragraphs 1-27 of these Counterclaims as if fully rewritten here.

29.     The asserted claims of the '312 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

30.     As set forth above, an actual and justiciable controversy exists between Samsung and Barkan as to whether the claims of the '312 patent are invalid.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Samsung requests that this Court enter a judgment that the claims of the '312 patent are invalid

pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101,

102, 103, 111, 112, 116, 132, and 251.

## FIFTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '638 Patent)

32.    Samsung hereby incorporates and realleges Paragraphs 1-31 of these

Counterclaims as if fully rewritten here.

33.    Samsung does not infringe and has not infringed, directly or indirectly, willfully

or otherwise, any valid and enforceable claim of the '638 patent, either literally or under the

doctrine of equivalents.

34.    Barkan is precluded under the doctrine of prosecution history estoppel from

asserting or construing, whether literally or by the doctrine of equivalents, any claim of the '638

patent in a way that would read upon any product made, used, sold, offered for sale, or imported

by Samsung.

35.    As set forth above, an actual and justiciable controversy exists between Samsung

and Barkan as to Samsung's noninfringement of the '638 patent.

36.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*,

Samsung requests that this Court enter a judgment that Samsung does not infringe, under any

theory of infringement, any valid claim of the '638 patent.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of the '638 Patent)

37.    Samsung hereby incorporates and realleges Paragraphs 1-36 of these

Counterclaims as if fully rewritten here.

38.     The asserted claims of the '638 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

39.     As set forth above, an actual and justiciable controversy exists between Samsung and Barkan as to whether the claims of the '638 patent are invalid.

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Samsung requests that this Court enter a judgment that the claims of the '638 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

## SEVENTH COUNTERCLAIM
### (Declaration of Unenforceability of the '312 patent and Infectious Unenforceability of the '638 patent)

41.     Samsung hereby incorporates and realleges Paragraphs 1-40 of these Counterclaims as if fully rewritten here.

42.     As set forth in detail below, the allegations in this counterclaim generally relate to Barkan and Elad Barkan's conduct during the prosecution of the '312 patent.

43.     The '312 patent purports to be a continuation of the application resulting in the '284 patent.

44.     The '638 patent purports to be a continuation of the applications resulting in the '284 and '312 patents.

45.     All of the patents-in-suit are related to one another and share the same specification.

46.     On August 15, 2013, the United States Patent & Trademark Office ("USPTO") issued a non-final rejection in the prosecution of U.S. Application No. 13/590,253, which later

matured into the '638 patent, finding the proposed claims 1-30 unpatentable as obvious over PCT Application, WO 99/65800 to Bergenwall et al. ("Bergenwall") and other references.

47.     On information and belief, Spencer Patterson, the prosecuting attorney for the application that resulted in the '638 patent, reviewed the above office action and Bergenwall, and sent a copy of the office action and Bergenwall to Mr. Barkan.

48.     At the time Mr. Barkan received Bergenwall and the office action, the claims being prosecuted in the '638 application were very similar to those claims that had been allowed in the '312 application as set forth in paragraph 54 below.

49.     On September 5, 2013, with knowledge of Bergenwall and its applicability to claims of the '638 application, and thus to the very similar claims of the '312 application, Elad Barkan signed and submitted forms for payment of issuance fees for the '312 application (U.S. patent application number 13/181,543).  In response to this action by Barkan, the USPTO issued the '312 patent.

50.     Despite his knowledge of Bergenwall, Mr. Barkan never disclosed Bergenwall and the USPTO's findings and holdings regarding Bergenwall during the '312 patent prosecution.

51.     Moreover, there were different examiners handling the prosecution of the '312 and '638 patent applications:  Phjuan K. Addy for the '312 patent and Huy D. Vu and James P. Duffy for the '638 patent.

52.     Barkan, including Mr. Barkan, did not disclose Bergenwall, or the August 15, 2013, non-final rejection to Examiner Addy during the prosecution of the '312 patent.

53.     This information, which was not disclosed to Examiner Addy during the '312 Patent, was material because it resulted in the rejection of similar claims in the '638 patent.

WEST\284045274.1

54.     This information is not cumulative of the information of record in the '312 patent. Specifically, the August 15, 2013 office action explains that Bergenwall itself discloses the first three of the four limitations of claim 1 of the '312 patent and that Bergenwall in combination with another reference, Camp Jr., discloses all four limitations of claim 1 of the '312 patent:

- Bergenwall discloses a "base station including; a transceiver adapted to establish a radio frequency link with a mobile telephone" (8/15/03 Office Action at 3, citing Bergenwall at page 3, lines 24-35) (corresponding to the limitation in claim 1 of the '312 patent "a transceiver adapted to establish a radio frequency link with a mobile device);

- Bergenwall discloses "a first interface, separate from said transceiver, that is adapted for communication over the public Internet" (8/15/03 Office Action at 3, citing Bergenwall at page 1, lines 22-25 and Fig. 1)(corresponding to the limitation in claim 1 of the '312 patent "a connector to a packet based data network");

- Bergenwall discloses a "controller configured to obtain information from a server accessed via the public Internet and route data from the mobile phone, over the public Internet" (8/15/03 Office Action at 3, citing Bergenwall at page 6, lines 1-10 and 16-32, and page 7, lines 20-36) (corresponding to the limitation in claim 1 of the '312 patent "a connection regulator adapted to facilitate data flow between the mobile device and the packet-based data network"); and

- Camp Jr. discloses "wherein the controller is adapted to determine the geographical location data for the base station using a GPS device" and "it would have been obvious to a person having ordinary skill in the art at the time of the invention to combine the base station of Bergenwall . . . with the teachings of

21

Camp Jr. in order to locate a base station" (8/15/03 Office Action at 9-10, citing Camp Jr. at col. 4, lines 3-13)(corresponding to limitation in claim 1 of the '312 patent "wherein said gateway is adapted to determine a physical location of said gateway.").

55.     On information and belief, Barkan, including Mr. Barkan, had, or should have had, personal knowledge of the foregoing information and events in occurring in the two prosecutions.

56.     On information and belief, Mr. Barkan had, or should have had, personal knowledge of the foregoing information because he is the sole named inventor for both the '312 patent and the '638 patent, and is the limited partner of Barkan.

57.     Mr. Barkan owed a duty of candor and good faith under Title 37, CFR § 1.56.  But Mr. Barkan failed to disclose material information to Examiner Addy during the pendency of the '312 patent.

58.     Mr. Barkan acknowledged this duty of candor on May 27, 2001, in Declaration for Patent Application that he signed in connection with the prosecution of the '312 patent.

59.     Under 35 CFR 1.56, "the duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned."

60.     As such, this duty extended to October 15, 2013, when the USPTO issued the '312 patent.  On information and belief, Mr. Barkan breached his duty of candor by knowingly failing to disclose the material information set forth above to Examiner Addy during the pendency of the '312 patent.

61.     On information and belief, Mr. Barkan intended to deceive Examiner Addy by deliberately deciding to withhold this material information to Examiner Addy because he hoped to avoid having Examiner Addy reexamine the claims of the '312 patent and reconsider the issuance of the '312 patent.  The result of the August 15, 2013, non-final office action was the finding of all claims of the '638 patent application unpatentable over Bergenwall and other references, confirms the materiality of this information.  The failure to disclose this material information was done with an intent to deceive and constitutes inequitable conduct, which renders all the claims in the '312 patent unenforceable.

62.     Because Mr. Barkan made at least one intentional filing in the '312 prosecution after becoming aware of Bergenwall and its materiality to the '312 claims, the single most reasonable inference that can be drawn is that Mr. Barkan intentionally failed to cite Bergenwall and the August 15, 2013 non-final office action to the PTO during the '312 prosecution.

63.     The '638 patent alleges to be related to the '312 patent and shares the same specification.  The unenforceability of the'312 patent renders the'638 patent also unenforceable under the doctrine of infectious unenforceability.

64.     By reason of the foregoing allegations set forth above, on information and belief, the '312 patent is unenforceable due to inequitable conduct.  Further, under the doctrine of infectious unenforceability, the '638 patent is also unenforceable based on inequitable conduct relating to the '312 patent.


## **PRAYER FOR RELIEF**

WHEREFORE, Samsung requests that:

A.     Plaintiff takes nothing by way of its Complaint;

B.      The Court enter judgment in favor of Samsung and against Plaintiff, thereby

dismissing the Complaint in its entirety, with prejudice, and deny Plaintiff all requested relief;

C.      The Court find that the '284, '312, and '638 patents claims are invalid and/or

unenforceable;

D.      The Court find that Samsung has not infringed, literally or under the doctrine of

equivalents, directly or indirectly, willfully or otherwise, any valid claim of the '284, '312, and

'638 patents;

E.      The Court find that Plaintiff cannot recover any damages from Samsung for any

infringement of the '284, '312, and '638 patents and is not entitled to injunctive relief;

F.      The Court declare that this case is exceptional, entitling Samsung to its attorneys'

fees under 35 U.S.C. § 285, and award Samsung its costs and reasonable attorneys' fees; and

G.      The Court grant Samsung all other and further relief that the Court deems

appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-

38, Samsung respectfully demands a jury trial of all issues triable to a jury in this action.

24

Respectfully submitted,

Dated:  November 13, 2018

By:  */s/ Mark Fowler*  _____
Melissa R. Smith
melissa@gillamsmithlaw.com
State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Ave
Marshall, Texas 75670

Mark Fowler
mark.fowler@dlapiper.com
Aaron Wainscoat (*pro hac vice*)
aaron.wainscoat@dlapiper.com
Erik R. Fuehrer
erik.fuehrer@dlapiper.com
DLA Piper LLP (US)
2000 University Avenue
Palo Alto, CA  94303-2215
Telephone: (650) 833-2000
Fax: (650) 833-2001

James M. Heintz (*pro hac vice*)
jim.heintz@dlapiper.com
11911 Freedom Dr.
Reston, VA 20190
Tel.  (703) 733-4000
Fax  (703)733-5000

Patrick S. Park (*pro hac vice*)
patrick.park@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Phone: (310) 595-3000
Fax: (310) 595-3300

ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2018, I caused the above **DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.'S AND SAMSUNG ELECTRONICS AMERICA, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** to be served on all parties in this action via the Court's CM/ECF system.

<u>/s/ *Melissa R. Smith*</u>
Melissa R. Smith

WEST\284045274.1