■■■■■■■■■■■■■■■■■■■■■

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.**, <br>        Plaintiff, <br> v. <br> **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., VERIZON COMMUNICATIONS, INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS**, <br>        Defendants. | CIVIL ACTION NO. 2:18-CV-28-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 7**

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT THAT PLAINTIFF IS NOT ENTITLED TO PRE-SUIT DAMAGES UNDER 35 U.S.C. § 287 <u>FOR THE '284 AND '312 PATENTS</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT .......................2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................................2

IV. LEGAL STANDARDS ....................................................................................................3

V. ARGUMENT ....................................................................................................................4

    A. The Bzeek System Meets The Elements Of The Marking Claims. ................... 4

        1. Bzeek Repeatedly Stated ███████████████████ 4

        2. Bzeek's System Operated After ███████████████. ......... 5

        3. Barkan Has Not Identified A Single Claim Element From The '284 And '312 Patents That Was Not Present In The Bzeek System ......................... 5

        4. Barkan's Assertion That It Did Not Sell ████████ Does Not Impact The Marking Analysis. ................................................................................. 6

    B. Barkan Must Establish Compliance With The Marking Statute. ..................... 8

    C. Barkan's Failure To Provide Actual Or Constructive Notice Precludes Pre-suit Damages For The '284 and '312 Patents. ........................................... 10

VI. CONCLUSION ...............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ......................... 7

*Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350 (Fed. Cir. 2017) ..................... 2, 4-5, 7

*Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279
    (Fed. Cir. 2011) .................................................................................................................. 7-8

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, Civ. No. 2:16-cv-134-JRG-RSP,
    Dkt. No. 285 (E.D. Tex., April 19, 2017) ............................................................................. 8

*Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983) ....................................... 3

*IMX, Inc. v. LendingTree, LLC*, Civ. No. 03-1067-SLR, 2005 WL 3465555
    (D. Del. Dec. 14, 2005) ..................................................................................................... 8-9

*Limelight Networks, Inc. v. XO Commc'ns, LLC*, 241 F. Supp. 3d 599
    (E.D. Va. 2017) ..................................................................................................................... 8

*Nike, Inc. v. Wal–Mart Stores, Inc.*, 138 F.3d 1437 (Fed. Cir. 1998) ............................................. 9

*Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904
    (E.D.Tex. 2005) .................................................................................................................... 9

**Statutes**

35 U.S.C. § 287 ................................................................................................................... 1-2, 4, 7

**Other Authorities**

Fed. R. Civ. P. 56 ............................................................................................................................ 1

Local Rule CV-56 ........................................................................................................................... 1

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Deposition Transcript of Elad Barkan (excerpts) |
| Exhibit 2 | BARKAN-00033148 |
| Exhibit 3 | BARKAN_00005406-33 |
| Exhibit 4 | BARKAN_00019342 |
| Exhibit 5 | Verizon Interrogatory Responses (Excerpts) |
| Exhibit 6 | Internet Archive Declaration Of Chris Butler regarding www.bzeek.com, SAMSUNG-0643128-147 |
| Exhibit 7 | Deposition Transcript of Moti Barkan (excerpts) |
| Exhibit 8 | BARKAN_00018940 |
| Exhibit 9 | BARKAN_00019353 |
| Exhibit 10 | BARKAN_00019025 |
| Exhibit 11 | BARKAN_00019653 |
| Exhibit 12 | BARKAN_00019037 |
| Exhibit 13 | BARKAN_00019291 |
| Exhibit 14 | BARKAN-00019094 |
| Exhibit 15 | Barkan 1st Supplemental Interrogatory Responses To Defendants 1st Set of Common Interrogatories (excerpted to Interrogatory 9) |
| Exhibit 16 | Declaration of Mark Lanning |
| Exhibit 17 | Rebuttal Expert Report of Dr. Lomp (excerpted) |
| Exhibit 18 | BARKAN_00019471 |
| Exhibit 19 | BARKAN_00018355-18363 |
| Exhibit 20 | BARKAN_00018963 |
| Exhibit 21 | BARKAN_00018970 |
| Exhibit 22 | BARKAN_00019001 |
| Exhibit 23 | BARKAN_00019009 |
| Exhibit 24 | BARKAN_00019017 |

Pursuant to Fed. R. Civ. P. 56 and Local Rule CV-56, Defendants hereby move for summary judgment that Plaintiff is not entitled to pre-suit damages for the asserted '284 and '312 patents due to its failure to mark under 35 U.S.C. § 287.

## I.  INTRODUCTION

Barkan's predecessor-in-interest to the asserted patents was a company called Bzeek. From 2006 to 2014, Bzeek developed and commercialized a system that corresponded to at least claim 1 of '284 patent and claims 1 and 8 of the '312 patent (the "Marking Claims").  By the 2011 issuance of the '284 patent, the Bzeek system had ▇▇▇▇▇▇▇▇▇▇ worldwide including in the United States.  Barkan failed to comply with Section 287 because Barkan did not provide actual notice to the Defendants nor did Barkan / Bzeek provide constructive notice by marking the Bzeek product.  Thus, Barkan is precluded from pre-suit damages on the '284 and '312 patents.

In Bzeek's system, the "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇."  Ex. 2 at 2. Bzeek's system included laptops that were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Ex. 2, BARKAN-00033148 at 5         Ex. 3 at BARKAN-00005414

The Bzeek laptop access point "gateways" (a.k.a. "Bzeek Spots") communicated with a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.



Bzeek told potential investors, the public, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendants' technical expert, Mr. Lanning, analyzed Bzeek's product to show it practiced each of the Marking Claim elements. Plaintiff's expert, Dr. Lomp, did not dispute Mr. Lanning's analysis but rather solely asserted that Bzeek used Wi-Fi, not cellular signals. This distinction is irrelevant because the Marking Claims are not limited to cellular signals. The authoritative source of the Bzeek product functionality, ▮▮▮▮▮▮▮▮▮▮▮▮. Yet, Plaintiff did not product this ▮ to Defendants in discovery and did not provide this ▮ to Plaintiff's technical expert when he attempted to rebut Mr. Lanning's analysis.

In light of Mr. Lanning's analysis, Bzeek's statements and documents, and Barkan's inability to identify any missing claim elements from the Bzeek products, Defendants have met their burden "to articulate the products it believes are unmarked 'patented articles' subject to § 287" which "is a low bar." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Now, "[Barkan] bears the burden of pleading and proving [it] complied with § 287(a)'s marking requirement." *Id.* at 1368.

Because Barkan cannot prove compliance with section 287(a), the Court should grant partial summary judgement that pre-suit damages cannot be had for the '284 and '312 patents.

## II. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Whether Plaintiff is barred from asserting pre-suit damages for the '284 and '312 patents for failure to comply with the marking statute, 35 U.S.C. § 287.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. In materials prepared for submission to ▮▮▮▮▮▮▮▮▮▮▮▮, Bzeek stated that it had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *E.g.*, Ex. 3, BARKAN_00005406-33 at 5408, 5421.

██████████████████████████████████████████████

2. Bzeek's software was downloaded and installed by at least ████ users including many users in the United States as of ██████████. Ex. 4 at BARKAN_0019342; Ex. 19, BARKAN-00018355-18363.

3. The Bzeek software ████████. Ex. 1, Elad Barkan Depo. at 80:1-6.

4. Bzeek ███████████ the technology in the '284 patent. Ex. 8.

5. Bzeek offered its product including the software for laptops to download on the Internet at www.bzeek.com until at least October 2014. Ex. 6, SAMSUNG-0643128-147.

6. Bzeek's distributed software could be downloaded to a user's laptop which would ████████████████████████████████████████████████████████████████████████████████ ████████████. Ex. 1, Elad Barkan Depo., at 65:13-66:14.

7. The Bzeek hotspot laptops executing Bzeek software communicated ████████ █████████████████████████████s. Ex. 1, Elad Barkan Depo. at 86:11-88:1.

8. Users that downloaded the Bzeek software from Bzeek's servers were authorized and licensed to use Bzeek's intellectual property including the '284 and '312 patents. Ex. 6, SAMSUNG-0643141-147; BARKAN-00005345; Ex. 7 at 125:18-126:10.

9. Plaintiff did not provide actual notice of the '284 or '312 patents to Verizon prior to the filing of the present lawsuit. Ex. 7 at 160:12-18; Ex. 1 at 258:2-260:2.

10. Plaintiff did not provide actual notice of the '284 or '312 patents to Samsung prior to the filing of the present lawsuit. Ex. 1 at 101:18-103:18; 258:2-260:2.

11. Bzeek did not mark any of its products with the '284 or '312 patents. Ex. 15.

## IV. LEGAL STANDARDS

"If the patentee or persons making or selling any patented product fail to mark the article as patented, the patentee may recover damages only for infringement committed after the infringer was notified of the infringement…." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082

(Fed. Cir. 1983). "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287. To be clear, this is a low bar. The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent. … Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention." *Arctic Cat*, 876 F.3d at 1368.

V.   **ARGUMENT**

   A.   **The Bzeek System Meets The Elements Of The Marking Claims.**

   1.   Bzeek Repeatedly Stated That ▮▮▮▮▮

In discovery, Defendants identified to Barkan that Bzeek's product was covered by the asserted claims and therefore Barkan was foreclosed from pre-suit damages. Ex. 5 at 73-76. Bzeek repeatedly stated to the ▮▮▮▮ that Bzeek's product ▮▮▮▮ ▮▮▮▮. These statements included:

- "▮▮▮▮▮▮▮▮▮▮." Ex. 8, April 16, 2012 email from Moti Barkan.

- In a March 3, 2012 email entitled "▮▮▮▮," Moti Barkan states "▮▮▮▮ ▮▮▮▮ ▮▮▮▮…." Ex. 9.

- In materials prepared for submission to ▮▮▮▮, Bzeek stated that it ▮▮▮▮ ▮▮▮▮ ▮▮▮▮. SUMF 1.

- Bzeek's co-CEO, ▮▮▮▮, emailed a proposed business partner on ▮▮▮▮ to describe the operational Bzeek product with ▮▮ users and then note it is "▮▮▮▮▮▮▮▮" Ex. 4 at BARKAN 19342-43.

- Bzeek's product documents state: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Ex. 12 at BARKAN_00019037.

Bzeek released other product literature that stated that its operational product, with thousands of users throughout the world, ▮▮▮▮▮▮▮▮. *See* Exs. 10-11,13, 20-24.

Also, Barkan did not produce the Bzeek product ▮▮▮ during discovery. The inventor confirmed at his deposition that this ▮▮▮▮▮▮. SUMF 3. It speaks volumes that Barkan decided to (a) not produce this Bzeek ▮▮▮ to Defendants in discovery; and (b) not provide this ▮▮▮ to its expert, Dr. Lomp, for analzying the marking issue.

Bzeek's own statements are sufficient to put the burden on Barkan to establish compliance with the marking statute – particularly in light of Barkan's decision to withhold the Bzeek software. See *Arctic Cat*, 876 F.3d. at 1368.

    2.    Bzeek's System Operated After The '284 And '312 Patents Issued.

As shown in the prior section, the Bzeek system was operational, with worldwide users after the issuance of the '284 patent. Moreover, certified documents from the "Internet Archive" confirm that Bzeek continued to offer its system and software for download until at least October 2014 – more than a year after the '312 patent issued. SUMF 5.

    3.    Barkan Has Not Identified A Single Claim Element From The '284 And '312 Patents That Was Not Present In The Bzeek System

Dr. Lanning presented a claim-by-claim analysis showing that the Bzeek system practiced

the Marking Claims when the Bzeek software was downloaded from Bzeek's website onto a laptop, executed by the user, and ███████████████████████████. Ex. 16, Lanning Decl. at ¶¶ 4-5 (citing Exhibit 1). In response, Dr. Lomp did not identify any actual claim element from those claims that was missing in the Bzeek product. Ex. 17, Lomp Rep. at ¶¶ 403-12.

Dr. Lomp alleged that Bzeek was limited to only "WiFi" transmissions and did not include cellular transmissions. *Id.* at ¶¶ 410-12. However, none of these claims analyzed for marking contain any limitation excluding "WiFi" or including only "cellular." D.I. 70-A at 17:14-23; D.I. 70-B at 17:17-26, 17:53-65. The '312 patent includes dependent claims that recite "the gateway is adapted to communicate cellular network control signals with the mobile device." D.I. 70-B at 18:38-41. However, the independent claims analyzed for marking purposes do not recite any such cellular limitations. Similarly, Barkan's response to Interrogatory #9 (related to marking) did not identify any specific claim elements missing from Bzeek. Ex. 15 at pp. 71-72.

Given Dr. Lanning's element-by-element analysis and the inability of Barkan and Dr. Lomp to identify any specific claim elements missing from the Bzeek product, Defendants are entitled to summary judgment that the Bzeek products practiced the Marking Claims.

        4.        Barkan's Assertion That It Did Not Sell Hardware Does Not Impact The Marking Analysis.

Barkan does not credibly dispute that a laptop executing the Bzeek hotspot corresponds to all the elements of the Marking Claims, but rather Barkan disputes that Barkan (and Bzeek) escape the marking requirements because Bzeek itself did not install the software that completed the laptop into a Bzeek hotspot. Barkan's position contradicts Federal Circuit law.

Barkan appears to allege that marking does not apply because Bzeek was a software product downloaded by users and the Marking Claims recite hardware components. *See* Ex. 17, Lomp Rebuttal Report, at ¶¶ 406-10. Barkan's position is legally irrelevant because Barkan's

licensed customers/subscribers "made" the product covered by the Marking Claims when they downloaded and installed the Bzeek software on their laptops in the United States.

Bzeek's software was downloaded and used by more than ▮▮▮ users worldwide including many users in the United States. SUMF 2. Those users were licensed to download, install, and use Bzeek's software, including its intellectual property such as the '284 patent and the '312 patent by the "terms of use" and end user license agreements posted on Bzeek's website. SUMF 8. Beyond the express license granted on Bzeek's website, Bzeek's customer / users / licensees had an implied license to the '284 and '312 patents as well.

Barkan's attempts to limit the analysis to only Bzeek's activities are contrary to the statute which includes the patentee and any express or implied licensees. *See Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994). "A patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat*, 876 F.3d 1350 at 1366.

Bzeek's licensees/customers did the "making" when they downloaded the software from the Bzeek website and installed it on their laptops because those laptops in combination with the Bzeek software included all of the claim elements. The Federal Circuit analyzed a similar situation in *Centillion* and determined that the customer performed the "making" by providing the claimed hardware and then downloading and installing the software. "In order to 'make' the system under § 271(a), Qwest would need to combine all of the claim elements—this it does not do. The customer, not Qwest, completes the system by providing the 'personal computer data processing means' and installing the client software." *Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011). "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Ex. 2, BARKAN-00033151 at 2.

ER

Neither Dr. Lomp nor Barkan dispute that the Bzeek software operating the customers' laptop and communicating with the Bzeek server meets all of the elements of the Marking Claims – including the elements requiring specific hardware components. Thus, when the licensees download and install the Bzeek software combined with the customers' laptop hardware, they have "made" a product covered by the Marking Claims. *See Centillion*, 631 F.3d at 1288.

### B. Barkan Must Establish Compliance With The Marking Statute.

Barkan cannot escape its responsibility for the failure to mark merely because Bzeek was a prior owner, because Bzeek may have ceased to offer the accused product, or because Plaintiff itself did not make the Bzeek product. This Court has already rejected these arguments. *E.g.*, *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, Civ. No. 2:16-cv-134-JRG-RSP, Dkt. No. 285 at 5 (E.D. Tex., April 19, 2017) ("once a failure to mark triggers the statute, the damages bar runs until the accused infringer receives notice, actual or constructive. …two things cure a failure to mark and start the damages period: notice or compliance with the marking statute by marking products.")

Moreover, that Bzeek's product was software does not preclude the requirement to mark. The Bzeek-operated website from which the software was downloaded (and to which the installed software then communicated) was obligated to include the marking language. "[A] patentee must mark a website either where the website is somehow intrinsic to the patented device or where the customer downloads patented software from the website." *Limelight Networks, Inc. v. XO Commc'ns, LLC*, 241 F. Supp. 3d 599, 608 (E.D. Va. 2017); *see also IMX, Inc. v. LendingTree, LLC*, Civ. No. 03-1067-SLR, 2005 WL 3465555, at *3-5 (D. Del. Dec. 14, 2005).

*IMX* is instructive because the patentee made arguments similar to Barkan's. The *IMX* patentee argued that, "the patented system [was] made up of a variety of discrete components [and] IMX [did] not make, offer for sale or sell any of these remote components…. The website is not a patented article, …. Accordingly, IMX has no duty to mark its website." *Id*. at *3. The Court

8

analyzed the purpose of the marking statute as articulated by the Federal Circuit and Supreme Court and concluded that those purposes would be defeated declining to require marking: "[A]lthough the IMX website itself is not the patented invention, nevertheless, consistent with the purpose of § 287(a) as interpreted by the Federal Circuit, the website is intrinsic to the patented system and constitutes a 'tangible item to mark by which notice of the asserted method claims can be given' Therefore, IMX had the duty to mark if it is claiming pre-litigation damages." *Id*. at *4. *See also Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 911 (E.D.Tex. 2005) (rejecting argument that websites could not be marked).

As in *IMX*, allowing Bzeek to evade the marking statute would frustrate the purposes of the marking statute which include "1) helping to avoid innocent infringement ...; 2) encouraging patentees to give notice to the public that the article is patented ...; and 3) aiding the public to identify whether an article is patented...." *Nike, Inc. v. Wal–Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998). Bzeek made large scale efforts to commercialize the patents and does not dispute that the laptops in the United States with the installed Bzeek software meet the claim elements.

Indeed, in 2011, contemporaneously with its failure to mark, Bzeek alleged that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 18 (email dated October 1, 2011); Ex. 7 at 156:8-158:13. Despite this belief, Bzeek (and Barkan) never apprised Verizon of these assertions prior to the Complaint. SUMF 9. Bzeek's silence relates specifically to the purposes of the marking statute and highlights why Bzeek (and Barkan) should not be allowed to commercialize a product and yet fail to give notice to the public so that innocent infringement could be avoided.

9

C. **Barkan's Failure To Provide Actual Or Constructive Notice Precludes Pre-suit Damages For The '284 and '312 Patents.**

It is undisputed that Barkan did not provide any actual notice to the Defendants of the ''284 and '312 patents. SUMF 9, 10. Similarly, Barkan does not allege Bzeek complied with the marking statute in any fashion to provide the requisite constructive notice. SUMF 11.

VI. **CONCLUSION**

As a matter of law Barkan is not entitled to pre-suit damages for the '284 and '312 patents.

Dated: May 15, 2019

Respectfully submitted,

**COUNSEL FOR DEFENDANT CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS**

/s/ Kevin P. Anderson, with permission by Michael E. Jones
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Kevin P. Anderson
kpanderson@duanemorris.com
**DUANE MORRIS LLP**
505 9th Street, NW, Suite 1000
Washington, D.C. 20004
Tel: 202.776.5213
Fax: 202.315.3169

Alison Haddock Hutton
ahhutton@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

**COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.**

/s/Mark Fowler, with permission by Michael E. Jones
Melissa R. Smith
melissa@gillamsmithlaw.com
State Bar No. 24001351
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, TX 75670

Mark Fowler (*pro hac vice*)
mark.fowler@dlapiper.com
Aaron Wainscoat (*pro hac vice*)
aaron.wainscoat@dlapiper.com
Erik R. Fuehrer
erik.fuehrer@dlapiper.com
**DLA Piper LLP (US)**
2000 University Avenue
Palo Alto, CA 94303-2215
Tel: (650) 833-2000
Fax: (650) 833-2001

James M. Heintz (*pro hac vice*)
jim.heintz@dlapiper.com
11911 Freedom Drive
Reston, VA 20190
Tel: (703) 733-4000
Fax: (703)733-5000

Patrick S. Park (*pro hac vice*)

10

patrick.park@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4704
Tel:  (310) 595-3000
Fax:  (310) 595-3300

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal, pursuant to the Protective Order at Dkt. No. 40.

/s/ Michael E. Jones

### CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on May 15, 2019.

/s/ Michael E. Jones